UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-4993 PA (PVCx) | Date | August 31, 2026 |
| Title | Vache Amaryan v. David Venturella, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order ("TRO Application") filed by petitioner Vache Amaryan ("Petitioner"), who is represented by counsel. Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") on August 31, 2026. The Petition names as respondents officials affiliated with U.S. Immigration and Customs Enforcement ("ICE") and others (collectively "Respondents").

According to the Petition, Petitioner, is a citizen of Armenia who entered the United States in 2021 on a visitor visa. Petittioner alleges that he has a pending application for asylum and withholding of removal that has been pending since October 2023. Petitioner was detained by ICE on August 22, 2026. Petitioner's TRO Application seeks an order requiring Petitioner's immediate release from detention.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24.

In order to seek relief on an ex parte basis, the moving party is required "(a) to make reasonable, good faith efforts orally to advise counsel of all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." L.R. 7-19.1. Where the adverse party has not received notice of the motion, the Court may issue a temporary restraining order "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-4993 PA (PVCx) | Date | August 31, 2026 |
| Title | Vache Amaryan v. David Venturella, et al. | | |

damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); see also L.R. 7-19.2 (allowing for waiver of the notice requirements under L.R. 7-19.1 for a TRO where the requisite showing under Fed. R. Civ. P. 65(b) has been made).

A moving party faces an exceedingly high burden when seeking relief on an ex parte basis. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"). Indeed, the Ninth Circuit has stressed that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). To justify the issuance of a temporary restraining order without notice, a party ordinarily "'must do more than assert that the adverse party would dispose of evidence if given notice'" and "'must show that defendants would have disregarded a direct court order . . . within the time it would take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders . . . .'" Id. (quoting First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650-51 (6th Cir. 1993)).

Here, Petitioner's counsel states that she provided notice to Respondents of the TRO Application on Sunday, August 30, 2026. (See Declaration of Mary Kostanyan ¶ 9 ("On August 30, 2026, at approximately 11:15 a.m., I provided notice of this Ex Parte Application to Respondents by electronic mail, directed to Mr. Daniel A. Beck, Assistant U.S. Attorney, and Acting Chief of the Civil Division of the U.S. Attorney's Office for the Central District of California, email address: Daniel.Beck@usdoj.gov, telephone: (213) 894-2574."); see also id. ¶ 11 ("Respondents' position is unknown, but it is presumed that Respondents intend to oppose.").) There is no indication that Petitioner's counsel made any effort to orally advise Respondents' counsel of the TRO Application. As a result, Petitioner has failed to comply with the notice requirements under Local Rule 7-19.1. Further, because Petitioner has not attempted to satisfy the requirements for ex parte relief without notice under Federal Rule of Civil Procedure 65(b), the Court concludes that waiver of the notice requirements is not appropriate in this case.

In light of Petitioner's failure to comply with Rule 7-19's notice requirements, the Court concludes that Petitioner has not shown that he "should be allowed to go to the head of the line in front of all other litigants and receive special treatment," Mission Power Eng'g, 883 F. Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-4993 PA (PVCx) | Date | August 31, 2026 |
| Title | Vache Amaryan v. David Venturella, et al. | | |

at 492, and thus fails to establish his entitlement to issuance of a temporary restraining order. Accordingly, the Court denies Petitioner's TRO Application without prejudice.

IT IS SO ORDERED.