# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-4993 PA (PVC) | Date | September 3, 2026 |
| Title | Vache Amaryan v. David Venturella, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order ("TRO Application") filed by petitioner Vache Amaryan ("Petitioner"), who is represented by counsel. Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") on August 31, 2026. The Petition names as respondents officials affiliated with U.S. Immigration and Customs Enforcement ("ICE") and others (collectively "Respondents").

According to the Petition, Petitioner, is a citizen of Armenia who entered the United States in 2021 on a visitor visa. Petittioner alleges that he has a pending application for asylum and withholding of removal that has been pending since October 2023. Petitioner was detained by ICE on August 22, 2026. Petitioner's TRO Application seeks an order requiring Petitioner's immediate release from detention or, in the alternative, an order requiring Petitioner's pending Motion to Schedule Initial Bond Redetermination Hearing, which he apparently filed in Immigration Court on August 29, 2026, be decided promptly or that Petitioner otherwise be afforded an individualized custody determination.

The Petition and TRO Application both say that ICE agents "did not show Petitioner" a warrant when he was detained, and the Petition includes argument concerning limits on warrantless arrests, but Respondents have filed a Response in which they provide evidence that Petitioner was the subject of an arrest warrant. Respondents also contend that Petitioner is not entitled to immediate release, but that Petitioner "appears to be entitled to request and receive an initial bond hearing" pursuant to Rodriguez Vazquez v. Bostock, ___ F.4th ___, 2026 WL 2196424 (9th Cir. July 30, 2026).

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-4993 PA (PVC) | Date | August 31, 2026 |
| Title | Vache Amaryan v. David Venturella, et al. | | |

an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24.

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Court has issued General Order No. 26-05. Pursuant to the General Order, the Court set a briefing schedule for the Petition in this case, with Respondents' Answer due seven (7) days after the Clerk's Office issued the Notice of General Order on August 31, 2026, and Petitioner's Reply due no later than 3 days after the Answer is filed. This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at pp. 1, 3.) The General Order specifically states that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent irreparable harm that cannot be addressed by the . . . expedit[ed] briefing schedule." (Id. at p. 3.)

Here, Petitioner does not allege the type of imminent, irreparable harm contemplated by the General Order. Moreover, in light of the expedited briefing schedule on the underlying Petition, any delay that may result from awarding Petitioner relief based on the habeas petition alone would be brief. Moreover, Petitioner has not met his burden to show a likelihood of success on the merits or that the balance of equities tip sharply in his favor. Indeed, as Respondents themselves concede, Rodriguez Vazquez appears to entitle Petitioner to a bond hearing and Petitioner has made no showing that the Immigration Court will not conduct a bond hearing consistent with Rodriguez Vazquez.[1/] As a result, the Court concludes that Petitioner is not entitled to emergency, ex parte relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S. Ct. 365 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"). The Court therefore denies the TRO Application. Proceedings on the merits of the Petition continue to be referred to the assigned Magistrate Judge.

IT IS SO ORDERED.

---

[1/] The Court notes that Petitioner's Motion to Schedule Initial Bond Redetermination Hearing filed with the Immigration Court lists Petitioner's counsel's availability for a hearing for dates through September 11, 2026.